# PREROGATIVE COURT.

---

MARY McDONALD, Appellant, and JAMES McD. HUTTON, administrator, &c. of JAMES McDONALD, deceased, respondent, on appeal from the Orphans' Court of Hudson county.

An administrator, on an application to the Orphans' Court for an order to sell lands to pay debts, exhibited to the said Court only an account of the debts; and the said Court, on the same day, made an order for the sale of lands; and the administrator made sale, and made report of the sale, to the said Court; and on exceptions to the report of sale, the said Court confirmed the sale, and ordered that a deed be given. *Held*, on appeal, that the proceedings were irregular.

*Held, further*, That the objection that the appellant did not prove, before the Orphans' Court, that she was an heir at law, could not prevail on the appeal, the appellant, in the proceedings before the Orphans' Court called a daughter of the decedent, having been permitted by that Court to file exceptions to the report of sale, and no objection having been made to the hearing of the exceptions on the ground that she had not proved herself to be an heir-at-law.

The facts are sufficiently stated in the opinion of the Ordinary.

R. *Adrian* for the appellant. He cited *Rev. Stat.* 665, 667; 4 *Halst. Rep.* 338; 6 *Ib.* 341; 3 *Harr. Rep.* 77; *Spencer's Rep.* 52.

A. O. *Zabriskie* for the respondent.

THE ORDINARY. The Statute, Revised Statutes, 664, sec. 15, provides, that when an executor or administrator shall discover or believe that the personal estate of the decedent is insufficient to pay his debts, he shall make and exhibit, under oath, to

30

the Orphans' Court a just and true account of the said personal estate and debts, as far as he can discover the same; and the said Court shall thereupon make an order directing all persons interested in the lands of the estate to appear before them at a certain day and place in the order mentioned, not less than two months after the day of making such order, to show cause why so much of the lands of the decedent should not be sold as will be sufficient to pay his debts; which order shall be set up &c., and published in a newspaper for six weeks successively.

Sec. 16 provides, that the said Orphans' Court shall, at the time and place mentioned in the said order, hear and examine the allegations and proofs of the executor or administrator and *other* persons interested; and if, on full examination, the said Court shall find that the personal estate of the decedent is not sufficient to pay his debts, the said Court shall order and direct the executor or administrator to sell, &c.

In the case now here on appeal, the administrator, on the 20th of November, 1848, exhibited to the Orphans' Court of Hudson, not on account of the personal estate and debts, as required by the said 15th section, but simply an account of the debts of the estate. And thereupon, on the same 20th of November, 1848, the said Orphans' Court made, not an order directing all persons interested in the lands to appear before the Court, two months thereafter, to show cause why lands should not be sold to pay debts, as provided in the same 15th section, but an order at once directing the administrator to sell so much of the lands of the decedent as would &c. And on this order, the administrator actually sold all the lands of the decedent, on the 22d of January, 1849. And, on the 19th of February, 1849, the report of the administrator that he had made such sale was filed with the Surrogate; and, on the same 19th of February, 1849, the said Court made an order confirming said sale, and directed the administrator to execute a deed to the purchaser.

From this order an appeal is taken to this Court.

There can be no doubt that the whole proceeding is erroneous and must be set aside.

The only answer which the respondent in this appeal gives is, that the appellant did not prove herself, before the Orphans' Court, to be an heir-at-law, and that therefore he, the respondent, is not bound to make further answer to the petition of appeal.

This cannot avail the respondent. The appellant, in the proceedings before the Orphans' Court, and therein called a daughter of the decedent, was permitted by that Court to file exceptions to the report of sale, and did so, her exceptions covering the whole prior proceedings, and no objection was made to the hearing of her exceptions on the ground that she had not proved herself to be an heir of the decedent. This Court cannot now deny her an appeal.

The order appealed from will be set aside.